UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIUS FORDE,

                Plaintiff,                              **MEMORANDUM & ORDER**
                                                                        12-CV-1547 (RRM) (SMG)
     - against -

THE CITY OF NEW YORK; P.O. GREGORY
WAITHE, Shield No. 13367, individually and in
his official capacity; and JOHN DOE #1–10,
individually and in their official capacity (the name
John Doe being fictitious, as the true names are
presently unknown),

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Julius Forde commenced this action on March 29, 2012, alleging false arrest and municipal liability under 42 U.S.C. § 1983, as well as state law claims for assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, and negligent hiring, training, supervision, and retention of certain police officers. (*See* Compl. (Doc. No. 1).) All of these claims arise from plaintiff's alleged failure to wear a seatbelt, which led to a traffic stop and a confrontation with the police. On June 27, 2013, defendants moved for summary judgment. (*See* Doc. No. 21.) For the reasons explained below, the motion is granted in part and denied in part. First, however, the Court briefly recounts the relevant known facts.[1]

---

[1] At this stage the evidence of the nonmovant "is to be believed" and the Court must draw all "justifiable" or reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Accordingly, the Court recounts the facts in the light most favorable to plaintiff, drawing all reasonable inferences in his favor. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002). The Court declines defendants' invitation to strike plaintiff's Local Rule 56.1(b) statement, (*see* Defs.' Reply (Doc. No. 29) at 4–5), and notes that, even were it to do so, "the truth-finding functions of the judicial process" would still necessitate an inquiry into the bases for defendants' assertions. *Marin v. JPMorgan Chase Bank, N.A.*, No. 10-CV-2216 (BSJ) (DCF), 2012 WL 4039844, at * 2 n.2 (S.D.N.Y. Sept. 12, 2012) (citing *Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003)).

**BACKGROUND**

Late in the morning on November 29, 2011, plaintiff was driving his Mercury Grand Marquis down Avenue M, a two-way street in Brooklyn. While traversing the intersection of Avenue M and 94th Street, he passed defendant Waithe, a uniformed officer in an unmarked police car, who was traveling in the opposite direction. Plaintiff continued on for about half a block, but Officer Waithe made a U-turn and began following plaintiff's vehicle. Plaintiff then made a left turn and pulled into the driveway of his friend's home. Soon after, Officer Waithe pulled into the driveway behind plaintiff's car. Officer Waithe exited his vehicle and ordered plaintiff to return to his car, but plaintiff did not comply. At some point, Officer Waithe called in other uniformed officers and plaintiff was placed under arrest; charged with failing to wear a seatbelt while operating a motor vehicle, disorderly conduct for making unreasonable noise, obstructing governmental administration, and resisting arrest; taken to the station house for the 69th precinct; and held in custody until his arraignment the next day.[2] All charges were dismissed at arraignment.

In sum and substance, those are the facts on which the parties agree. The rest of what happened that day is unclear, as the parties' accounts diverge significantly. According to plaintiff, he was wearing his seatbelt at all times and did not commit any traffic infractions. Moreover, although he noticed Officer Waithe's unmarked car prior to pulling into the driveway, plaintiff says he was unaware that the car was a police vehicle – or that it was following him – until after he exited his car and saw the unmarked vehicle, lights flashing, parked behind him. Defendants tell a different story. In their version, Officer Waithe passed plaintiff at the

---

[2] During his deposition, Officer Waithe stated that he ultimately placed plaintiff under arrest "[a]fter I [had] asked him numerous times to get back in his vehicle" because plaintiff "didn't produce ID . . . [and] was also yelling, screaming, cursing and . . . just being uncompliant with anything [Officer Waithe] asked him to do." (Pl.'s Decl. in Opp'n to Mot., Ex. B (Doc. No. 26-2), at 25–26 (ECF Pagination).)

intersection, saw that plaintiff was not wearing a seatbelt, and immediately gave chase with lights ablaze. Defendants insist that plaintiff noticed the flashing lights of Officer Waithe's vehicle but stubbornly refused to stop until he had pulled into the driveway.

The parties also dispute the facts surrounding plaintiff's actual arrest. Both parties agree that that plaintiff was ultimately arrested after numerous additional officers arrived at the scene. However, defendants describe an encounter in which plaintiff screamed, cursed, and physically resisted arrest to the point that three officers were required to hold plaintiff as he was being handcuffed. Plaintiff emphatically denies putting up any resistance. He maintains that he merely pleaded with the officers to tell him why he was being ordered back into his vehicle and arrested – questions defendants concede were never answered until plaintiff was in custody at the station house.

## DISCUSSION

Summary judgment may be granted when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be appropriate "if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [his or her] case" where "the nonmoving party bears the burden of proof at trial." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted). To defeat a motion for summary judgment, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his

[or her] favor," *Anderson*, 477 U.S. at 256, beyond "conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

At bottom, plaintiff's claims all flow from his alleged false arrest and thus rise or fall on whether the officers had probable cause for that arrest. *See Jaegly v. Couch*, 439 F.3d 149, 151–52 (2d Cir. 2006) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) ("Under New York law, the existence of probable cause is an absolute defense to a false arrest claim."). "[W]here there is a dispute as to the pertinent events," the question of "whether an arresting officer had probable cause is predominantly factual in nature . . . [and] the existence *vel non* of probable cause is to be decided by the jury." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). This is especially true where a "plaintiff denies doing the very things that would have created probable cause for his arrest." *Brown v. City of New York*, No. 08-CV-5095 (FB) (MDG), 2013 WL 1338785, at *3 (E.D.N.Y. Apr. 1, 2013), *recons. denied*, 2013 WL 5329356 (E.D.N.Y. Sept. 20, 2013).

Viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, genuine factual disputes preclude summary judgment in this case. *See Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48). The parties have adduced conflicting evidence on several material issues, including: whether Officer Waithe witnessed plaintiff driving without a seatbelt; when Officer Waithe attempted to pull plaintiff over;[3] whether the circumstances justified Officer Waithe's order that plaintiff return to his vehicle;[4] whether plaintiff became belligerent during the encounter with the officers;[5]

---

[3] (*Compare, e.g.*, Pl.'s Decl. in Opp'n to Mot., Ex A (Doc. No. 26-1) at 18–20 (ECF Pagination), *with* Defs.' Decl. in Supp. of Mot., Ex. D (Doc. No. 23-4) at 7, 9–10, 18 (ECF Pagination).) This dispute is material, of course, because defendants rely on plaintiff's alleged failures to wear a seatbelt and to pull over immediately as justifications for Officer Waithe's subsequent actions.

[4] (*See supra* note 3.) This dispute matters because defendants cite plaintiff's failure to comply with a lawful police order as one occurrence providing probable cause for his arrest.

whether plaintiff committed actions that obstructed governmental administration;[6] and whether plaintiff resisted arrest.[7] Resolving these conflicts requires deciding whose version of events to credit, and "[i]t is well established that such '[c]redibility assessments, choices between conflicting versions of the events, and [] weighing of evidence are matters for the jury, not for [a] court on a motion for summary judgment.'" *Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55–56 (2d Cir. 1997)). Summary judgment is therefore inappropriate.

Nor are defendants entitled to summary judgment on qualified immunity grounds. Where the probable cause underlying an arrest is challenged, "a police officer is immune from such suit 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Sutton v. Duguid*, No. 05-CV-1215 (JFB) (JMA), 2007 WL 1456222, *5 (E.D.N.Y. May 16, 2007) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999)). Officer Waithe's conduct would not be shielded by qualified immunity, however, if a jury credits plaintiff's version of events and finds that Officer Waite knowingly disregarded plaintiff's rights. *Cf. Sutton*, 2007 WL 1456222, at *9. Although the Court appreciates the fast-paced and potentially dangerous situations police officers routinely face, the facts presently known do not definitively establish the reasonableness of Officer Waithe's actions. *See id.* at *6–9. As such,

---

[5] (*Compare, e.g.*, Pl.'s Decl. in Opp'n to Mot., Ex A at 3–10, 18–20, *with* Defs.' Decl. in Supp. of Mot., Ex. D at 23–25.) This dispute is germane to any determination of probable cause to arrest for obstruction of governmental administration and resisting arrest, as well as the reasonableness of Officer Waithe's conduct.

[6] (*See supra* note 5.) Whether plaintiff actually resisted in some way is material, as "mere words alone do not constitute 'physical force or interference' such as to support the charge of obstructing governmental administration." *People v. Case*, 365 N.E.2d 872, 875 (N.Y. 1977).

[7] (*Id.*) Again, this dispute is material because "if plaintiff's claim that [he] did *nothing* to resist arrest is true, it would not be objectively reasonable for the defendants or any reasonable officers in their situation to believe that probable cause to prosecute plaintiff for that charge existed." *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 339 (E.D.N.Y. 2006) (emphasis in original).

the disputed factual issues "relevant to the determination of whether it was objectively reasonable for defendants to believe their alleged acts were lawful . . . preclude summary judgment on qualified immunity grounds." *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 29 (E.D.N.Y. 2012) (citing *Tarver v. City of Edna*, 410 F.3d 745, 754 (5th Cir. 2005)).

Summary judgment must also be denied as to plaintiff's state law claims because plaintiff complied with the applicable statutory notice procedures.[8] No one denies that plaintiff filed a timely notice of claim; defendants take umbrage solely with the parties named in that notice.[9] As plaintiff points out, "General Municipal Law [section] 50-e makes unauthorized an action against *individuals* who have not been named in a notice of claim . . . ." *Tannenbaum v. City of New York*, 819 N.Y.S.2d 4, 5 (N.Y. App. Div. 2006) (citation omitted) (emphasis added). Here, plaintiff's state law claims are brought against the *municipality* only.[10] In such cases "there is no requirement that individual defendants be specifically named in the Notice of Claim." *Chamberlain v. City of White Plains*, No. 12-CV-5142 (CS), 2013 WL 6477334, at *22 (S.D.N.Y. Dec. 10, 2013) (citing *Goodwin v. Pretorius*, 962 N.Y.S.2d 539, 541–46 (N.Y. App. Div. 2013)).

---

[8] Curiously, defendants seek dismissal of plaintiff's state law claims as to "either Officer Sylvester or Officer Greene." (Defs.' Mem. in Supp. (Doc. No. 24) at 19.) Those officers are not named anywhere in the complaint and the Court has no idea who they are. Defendants also refer to plaintiff's "Notice of Claim," supposedly attached as to the Declaration of Felicia A. Yancey (Doc. No. 23) as "Exhibit L." (Defs.' Mem. in Supp. at 19.) As the Court was provided only with exhibits labeled "A" through "K," (*see* Doc. Nos. 23, 30), it assumes that defendants actually meant to cite their Exhibit I. (*See* Defs.' Decl. in Supp. of Mot., Ex. I (Doc. No. 23-9).)

[9] Plaintiff named only the City of New York and John Doe police officers. (*See* Defs.' Decl. in Supp. of Mot., Ex. I.) Although notice of claim requirements are to be strictly construed, *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999), plaintiff described the date, time, and nature of his claims against the municipality sufficiently to "afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." *Fincher v. Cnty. of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997) (citing *Brown v. New York City Transit Auth.*, 568 N.Y.S.2d 54, 55 (N.Y. App. Div. 1991)). Plaintiff concedes that the notice would be insufficient with regard to individual officers. (*See* Pl.'s Mem. in Opp'n (Doc. No. 27) at 21.)

[10] "Unlike cases brought under [section] 1983, municipalities may be liable for the common law torts, like false arrest and malicious prosecution, committed by their employees under the doctrine of *respondeat superior*." *Norton v. Town of Islip*, No. 04-CV-3079 (NGG) (WDW), 2013 WL 84896, at *6 (E.D.N.Y. Jan. 7, 2013) (quoting *L.B. v. Town of Chester*, 232 F. Supp. 2d 227, 239 (S.D.N.Y. 2002)).

Summary judgment must be granted, however, on plaintiff's claim for municipal liability. To succeed on this claim, plaintiff must prove "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Plaintiff asserts that Officer Waithe willfully and illegally stopped him in an effort to issue enough traffic citations to meet a secret department quota. However, "a municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Thus, "[a]bsent a showing of a causal link between an official policy or custom and the plaintiffs' injury, *Monell* prohibits a finding of liability . . . ." *Batista*, 702 F.2d at 397 (citing *Monell*, 436 U.S. at 694 n.58).

Although plaintiff gestures toward several pieces of evidence in support of this claim, he has failed to show that any official policy or custom was the "moving force" behind the violations he alleges. *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citing *Monell*, 436 U.S. at 690–94). Moreover, an isolated instance of unconstitutional conduct, even if proven, is insufficient to impose municipal liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Sankar v. City of New York*, 867 F. Supp. 2d 297, 308 (E.D.N.Y. 2012), *recons. denied*, 2012 WL 2923236 (E.D.N.Y. July 18, 2012). Plaintiff has also failed to offer sufficient evidence of any failure to train or supervise the officers here, for he has not shown that the municipality's "need to act [wa]s so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality . . . can be found deliberately indifferent to the need." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)); *see also Jenkins v. City of New York,* 478 F.3d 76, 95 (2d Cir. 2007). Thus, summary judgment must be granted as to this claim.

**CONCLUSION**

Drawing all reasonable inferences in plaintiff's favor, as the Court must, defendants have failed to demonstrate that there are no genuine disputes as to material facts and that they are entitled to judgment as a matter of law as to the bulk of plaintiff's claims. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322. Indeed, sharp factual disagreements exist in this case, the resolution of which will require credibility judgments and the careful weighing of evidence. That is what jury trials are for. Plaintiff has failed, however, to meet his burden on the essential elements of his claim for municipal liability under section 1983. *See Nebraska*, 507 U.S. at 590.

Accordingly, defendants' motion for summary judgment is granted as to plaintiff's claim for municipal liability (Compl. ¶¶ 31–39), but denied in all other respects.

This matter is recommitted to Chief Magistrate Judge Steven M. Gold for continued pretrial supervision, including the preparation of a Joint Pre-Trial Order and any settlement discussions as appropriate.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      February 12, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge